RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 8 / 14
     JDB

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SHAWN BENARD DOBY, SR.            DOCKET NO. 14-CV-1000, SEC. P
BOP REG. #28280-018

VERSUS                           JUDGE DRELL

WARDEN                           MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Shawn Benard Doby, Sr., filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the United States District Court for the Southern District of Georgia.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

On April 27, 1999, a jury in the Southern District of Georgia convicted Petitioner on two counts of drug trafficking related crimes. [#98-cr-054, Doc. #269 (S.D.Ga.)] On July 8, 1999, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on both counts to a total of 360 months of imprisonment, 10 years of supervised release, and $200 in special assessments; the judgment was entered on July 12, 1999. (Id., Doc. #303.) Petitioner filed an

appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions. United States v. Doby, 275 F.3d 55 (Table No. 99-12350) (11th Cir. Oct.16, 2001). On October 7, 2002, the United States Supreme Court denied certiorari. Doby v. United States, 537 U.S. 939 (2002).

On November 20, 2003, Petitioner signed his first §2255 motion, which was filed by the Clerk in the Southern District of Georgia on November 26, 2003. [03-cv-190 (S.D.Ga.). The petition was dismissed as untimely, [03-cv-190, Doc. #12], and both the district court and the Eleventh Circuit denied Petitioner's request for Certificate of Appealability ("COA") because he was unable to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling.

On July 8, 2005, the Eleventh Circuit denied Petitioner's application for authorization to file a second or successive §2255 motion based on a new rule of constitutional law because the Supreme Court had not declared the cases cited retroactively applicable on collateral review such that either case constituted a new rule of constitutional law. See Doby v. U.S., Slip Copy 2013 WL 5564147 (S.D.Ga. 10/7/13). On August 23, 2013, Petitioner filed another motion to vacate under §2255 in light of the Supreme Court's recent decision in Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). He alleged that he was entitled to file a §2255 motion because the district court

improperly enhanced his sentence based on 1.5 kilograms of crack cocaine not alleged in the indictment or presented to the jury. ( See generally doc. no. 1.)   The district court determined that it lacked jurisdiction because the Eleventh Circuit Court of Appeals had not authorized the filing of a successive §2255 motion.   Id.

In the petition filed by Doby in this district court, he complains that he had ineffective assistance of trial and appellate counsel, that his indictment was defective, and that a jury instruction given constructively amended the indictment. [Doc. #1, p.2]

### *Law and Analysis*

Petitioner is attempting to collaterally attack his conviction and sentence, which should be raised in a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  He has filed his claim pursuant to 28 U.S.C. §2241, which is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration.  See Pack v. Yusuff, 218 F.3d 448, 451·(5th Cir. 2000).   However, Petitioner is not challenging the execution of his sentence.   Instead he complains of errors that allegedly occurred at or before sentencing, which should be raised in a §2255 motion.   A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001),

3

cert. denied, 534 U.S. 1001 (2001).

Petitioner has already had a 2255 motion adjudicated on the merits.  He has also been denied authorization to file a second 2255 motion.  Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).  *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court*.  Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.  The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner.  See Jeffers, 253 F.3d at 830.  A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does

4

not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903. Petitioner does not identify any retroactively applicable decision establishing that he was convicted of a non-existent offense.

Petitioner cannot demonstrate that §2255 is inadequate or ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to**

another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE